STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-40

PINE STATE ELEVATOR COMPANY,

Petitioner

v.

STATE TAX ASSESSOR,

Respondent

**DECISION ON APPEAL**

This matter comes before the court on appeal by the petitioner Pine State Elevator Company ("Pine State") from a decision of the State Tax Assessor ("Assessor") pursuant to 5 M.R.S.A. § 11002, 36 M.R.S.A. § 151 and M.R. Civ. P. 80C. Although the statute calls this proceeding an "appeal," the statute also provides that the court's consideration is a hearing *de novo*.

**Facts**

The parties have stipulated a set of facts which can be summarized as follows. Pine State is a corporation organized and existing under the laws of the State of Maine, with its principal place of business located in Portland, Maine. Pine State also does business in the states of New Hampshire, Vermont and Massachusetts through employees located in those states. On May 16, 2002, Pine State purchased a van from a dealer in Portland, Maine. At the time of purchase, Pine State did not pay sales tax, but instead informed the salesperson that the vehicle was going to be immediately removed to New Hampshire for use in that state. Pine State provided the dealer with an "Affidavit of Exemption for Immediate Removal" with respect to the purchase of the van. The van was driven immediately to New Hampshire, where it was registered and where it has been used exclusively in connection with business in that state. The

Assessor subsequently assessed Pine State for use tax associated with the purchase of the van on the basis that the corporation did not qualify for the exemption. Following a request for reconsideration, the Assessor upheld the assessment in full. The present appeal followed.

## Discussion

The issue presented in this matter is a very narrow one. The State of Maine levies sales and use taxes on a variety of personal property sold within the state. However, the general statutes also include a variety of exemptions from such taxation, generally set forth in 36 M.R.S.A. § 1760. Among these exemptions is the following:

> 23-C. Certain vehicles purchased or leased by nonresidents. Sales or leases of the following vehicles to a nonresident if the vehicle is intended to be driven or transported outside the state immediately upon delivery. . . . For purposes of this subsection, the term 'nonresident' may include an individual, an association, a society, a club, a general partnership, a limited partnership, a domestic or foreign limited liability company, a trust, an estate, *a domestic or foreign corporation* and any other legal entity.

(Emphasis provided).

Pine State argues that because the statute says that a nonresident may include a "domestic or foreign corporation", and Pine State is a domestic corporation, it must therefore be considered a "nonresident." This argument is simply a misreading of the clear language of the statute when considered as a whole. The use of the term "domestic or foreign corporation" in the statutory provision is one of inclusion to make certain that all different types of individuals, groups and other legal entities would qualify for being considered a "nonresident," not that they necessarily are a nonresident. The proper emphasis for qualification for the exemption is whether the taxpayer is a resident or nonresident; not the taxpayer's organizational status.

In the present case, Pine State is incorporated under the laws of the State of Maine and has its principal business location in the State of Maine. Therefore, Pine

State is a resident of the State of Maine and does not qualify for the exemption. The fact that Pine State is a domestic corporation, i.e., incorporated within the United States, has no effect on the fact that the corporation is not a "nonresident."

For the reasons stated, the entry will be:

ORDERED and DECREED that Pine State Elevator Company is not entitled to a use tax exemption with regard to the van in question pursuant to 36 M.R.S.A. § 1760(23-C).

Dated: October 7, 2005

S. Kirk Studstrup
Justice, Superior Court

Date Filed 6/29/04       KENNEBEC              Docket No. AP04-40
                          County

Action        80C APPEAL

**J. STUDSTRUP**

PINE STATE ELEVATOR COMPANY                STATE TAX ASSESSOR

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ROY PIERCE, ESQ.<br>BRUCE GERRITY, ESQ.<br>PO BOX 1058<br>AUGUSTA ME 04332-1058 | MICHAEL MILLER, AAG<br>6 STATE HOUSE STATION<br>AUGUSTA, MAINE 04333 |

| Date of Entry | |
|---|---|
| 6/29/04 | Petition for Review of Final Agency Action with attachments, filed. s/R. Pierce, Esq. and Bruce Gerrity, Esq. |
| 7/12/04 | Letter entering appearance, filed. s/Miller, AAG |
| 8/4/04 | Joint Motion for Order Specifying Future Course of Proceedings with Memorandum of Law, filed. s/Miller, AAG  s/Pierce, Esq.<br>Proposed Order, filed. |
| 8/10/04 | Notification of Discovery Service, filed. s/Miller, AAG<br>First Request for Production of Documents served on Roy T. Pierce, Esq. on 8/6/04 |
| 8/10/04 | ORDER SPECIFYING FUTURE COURSE, Studstrup, J.<br>Discovery shall be complete within 8 months. Motions to be filed within two months after close of discovery.<br>Copies mailed to attys. |
| 9/10/04 | Notification of Discovery Service, filed. s/Pierce, Esq.<br>Petitioner's Response to First Request for Production of Documents served on Michael Miller, AAG on 9/8/04 |
| 10/13/04 | Notice of Deposition of Stephen J. McDuffie served on Roy Pierce, Esq. on 10/12/04 |
| 11/18/04 | Notification of Discovery Service, filed. s/Miller, AAG<br>Second Request for Production of Documents and State Tax Assessor's First Set of Interrogatories served on Roy T. Pierce, Esq. on 11/17/04 |
| 12/29/04 | Notification of Discovery Service, filed. s/Pierce, Esq.<br>Petitioner's Response to Second Request for Production of Documents served on Michael Miller, AAG on 12/28/04 |
| 1/3/05 | Notification of Discovery Service, filed. s/Pierce, Esq.<br>Petitioner's Response to Interrogatories served on Michael Miller, AAG on 12/30/04 |